IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUSTIN BUTCHER, on behalf of himself and similarly situated employees, | : : : : | CIVIL ACTION 3:22-cv-111 |
| Plaintiff, | : | FIELD ELECTRONICALLY ON JULY 6, 2022 |
| v. | : : | CLASS/COLLECTIVE ACTION |
| JAMES W. MYERS, LLC, | : : | |
| Defendant. | : : | JURY TRIAL DEMANDED |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Dustin Butcher ("Plaintiff") brings this lawsuit against James W. Myers, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Blairsville, PA (Indiana County).

5. Defendant is a corporate entity headquartered in Rockwood, PA (Somerset

County).

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

**FACTS**

8. Defendant is in the business of, *inter alia*, providing Stella-Jones, Inc. and other railroad tie manufacturers with employees who travel to the manufacturers' facilities (located throughout the United States) and "pre-plate" railroad ties.

9. Defendant pays the above employees on a piece-rate basis. Depending on the particular job, the employees generally earn between 35 and 55 cents for each tie they pre-plate. We will call these employees "Piece-Rate Employees."

10. Piece-Rate Employees regularly work over 40 hours per week at the manufacturer's location. In addition, Piece-Rate employees (most of whom reside in Pennsylvania) work additional hours traveling long-distances to and from the towns in which the manufacturers' facilities are located.

11. Defendant does not pay Piece-Rate Employees any overtime wages for hours worked over 40 per week.

12. Plaintiff has been sporadically employed by Defendant as a Piece Rate Employee since approximately May 2019.

13. Plaintiff regularly works over 40 hours per week at the manufacturer's facility. Specifically, Plaintiff generally works between 50 and 55 hours per week at the manufacturer's facility and, in addition, has spent between 4 and 19 hours traveling (one-way) between Pennsylvania and the towns in which the manufacturers' facilities are located.

14. Plaintiff did not receive any overtime wages for hours worked over 40 per week.

15. As described in Count I below, Defendant's failure to pay overtime wages to Plaintiff and other Piece-Rate Employees violates well-established FLSA rules and, as such, was undertaken with reckless disregard of Defendant's obligations under the FLSA.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. He sues on behalf of all Piece-Rate Employees (as defined above) employed by Defendant since July 6, 2019.

17. Plaintiff's FLSA claim should proceed as a collective action because he and other collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

18. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

19. The class, upon information and belief, includes over 30 individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

20. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

21. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

22. Questions of law and fact are common to all class members, because, *inter alia,*

this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

23. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## **COUNT I – FLSA**

24. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1). This overtime pay mandate applies to employees paid on a piece-rate basis. *See*, *e.g.*, 29 CFR § 778.111.

25. In failing to pay overtime wages to Plaintiff and other collective members, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, has willfully violated the FLSA.

## **COUNT II – PMWA**

26. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c). This overtime pay mandate applies to employees paid on a piece-rate basis.

27. In failing to pay overtime wages to Plaintiff and other class members, Defendant has violated the PMWA.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

    A.    Unpaid overtime wages and prejudgment interest;

    B.    Liquidated damages to the fullest extent permitted under the FLSA;

    C.    Litigation costs, expenses, and attorneys' fees; and

    D.    Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: July 6, 2022

Respectfully,

*/s/ Peter Winebrake*

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

July 6, 2022
Date

DocuSigned by: *Dustin Butcher*
7FE202BC55364D5...
DUSTIN BUTCHER